| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **8:10CR422** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **MAGNO ARTEAGA-MARROQUIN,** | ) | **RE: MATERIAL WITNESS** |
| | ) | **MELVIN ARTEAGA-MARROQUIN** |
| Defendant. | ) | |

This matter is before the court on the application of the United States for the arrest and detention of a material witness, Melvin Aretaga-Marroquin. The court having found that the application set forth the materiality of the witness's testimony in the above-captioned matter and that it may become impracticable to secure the presence of the witness by subpoena, an arrest warrant was issued for the arrest of witness Melvin Arteaga-Marroquin on January 18, 2010, pursuant to 18 U.S.C. § 3144. Following the witness's arrest, the witness Melvin Arteaga-Marroquin was brought before Magistrate Judge F.A. Gossett for a hearing on January 19, 2010 (Filing No. 25). A detention hearing was scheduled for January 25, 2011, which was continued to February 2, 2011, at the parties' request (Filing No. 41).

Melvin Arteaga-Marroquin appeared with his court-appointed counsel, Assistant Federal Public Defender Karen M. Shanahan. Assistant U.S. Attorney Debra K. Robinson represented the United States. During the hearing, Laura Garcia-Hein, a certified interpreter in the Spanish language, served as the interpreter.

The court took judicial notice of the sealed Pretrial Services Memorandum, dated January 19, 2011 (Filing No. 19). No other evidence was presented by either party. Melvin Aretaga-Marroquin requested that his deposition under Fed.R.Crim.P. 15 be taken as soon as possible in this matter.

I find that the testimony of Melvin Arteaga-Marroquin would be material in this criminal proceeding against Magno Arteaga-Marroquin.  I further find it may become impracticable to secure the presence of the witness by subpoena if the witness absconds or is deported to Guatemala if he were released from custody on conditions.  Since the Bureau of Immigration and Custom Enforcement (ICE) has placed a detainer with the U.S. Marshal for deportation proceedings regarding the witness, and the witness has no roots in this community or state, I find there is no condition or combination of conditions that would reasonably assure the presence of the witness for the upcoming criminal proceedings in this matter if he were released on conditions.

**IT IS ORDERED:**

1.     The witness, Melvin Arteaga-Marroquin, is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The witness shall be afforded a reasonable opportunity for private consultation with his counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the witness to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

2.     The government shall forthwith seek to take the deposition of Melvin Arteaga-Marroquinn pursuant to Fed.R.Crim.P. 15(a)(2).  Any motion or request for a deposition of the witness pursuant to Fed.R.Crim.P. 15(a) and 18 U.S.C. § 1344 shall be served on all parties to this case.

DATED this 2nd day of February, 2011.

BY THE COURT:

s/Thomas D. Thalken
U.S. Magistrate Judge